THE TOWNSHIP OF MADISON, IN THE COUNTY OF MIDDLESEX, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. GEORGE FIORE, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 13, 1970—Decided October 26, 1970.

Before Judges SULLIVAN, LABRECQUE and GAULKIN.

*Mr. Leonard Finkelstein* argued the cause for appellant (*Mr. Jonathan M. Heilbrunn,* on the brief; *Messrs. Heilbrunn & Heilbrunn,* attorneys).

*Mr. Richard F. Plechner* argued the cause for respondent.

The opinion of the court was delivered by

GAULKIN, J. A. D. On February 21, 1966 the municipal manager of Madison Township appointed defendant Fiore tax assessor of the township, without stating what the length of his term was to be. The township is a Plan E Faulkner Act municipality (*N. J. S. A.* 40:69A–114.1 *et seq.*). On February 11, 1970 the municipal manager dismissed Fiore, claiming that *N. J. S. A.* 40:69A–95 gave him the right to do so at his pleasure. Fiore claimed that *L.* 1938, *c.* 386 (*N. J. S. A.* 40:46–6.2, 6.3) gave him a term of four years from July 1, 1966. The trial court held that this statute did not apply to Plan E municipalities. It also rejected Fiore's alternative arguments that he had tenure under *N. J. S. A.* 54:1–35.25 *et seq.,* or under the Veterans Tenure Act, or under the township's ordinance. Fiore appeals, but abandons all claims except the one based on *N. J. S. A.* 40:46–6.2. We hold that that statute did give him a four-year term and reverse.

*N. J. S. A.* 40:46–6.2 and 6.3 provide:

The term of persons holding the position or office of "tax assessor" in any municipality of this State is fixed at four years. * * *

Any person now holding the position or office of "tax assessor" in any municipality of this State, and any person who may be hereafter appointed to, or elected to the position or office of "tax assessor" in any municipality of this State, shall hold their said office for a term of four years from the first day of July next following said election or appointment.

The term "tax assessor" as used in this act shall be construed to mean and include assessors, members of the boards of assessors, and all other persons charged with the duty of assessing real and personal property for taxation in each municipality of this state, and this act shall be construed and applied to include tax assessors in all municipalities of this State, irrespective of the form of government under which such municipalities may operate. * * *

*N. J. S. A.* 40:69A–95 provides that the municipal manager of a Plan E municipality has the power to "appoint and remove * * * all department heads and all other officers, subordinates, and assistants for whose selection or removal no

other method is provided in this article * * *." It is agreed that said article contains no express provision for the selection or removal of tax assessors—indeed, assessors are nowhere mentioned in it. Therefore, argues the township, *N. J. S. A.* 40:69A–95 gave the manager the right to dismiss the assessor whenever he pleased, and *N. J. S. A.* 40:46–6.2, 6.3 did not stand in the way because it was passed in 1938 and the Faulkner Act, which was passed in 1954, superseded it insofar as Plan E municipalities were concerned. For this proposition the township relies upon *Smith v. City Council of Hackensack,* 70 *N. J. Super.* 209 (App. Div. 1961), certif. den. 36 *N. J.* 300 (1962). However, the statute involved in *Smith, N. J. S. A.* 40:81–11, not part of the Faulkner Act, expressly stated that in municipalities organized under 40:81–11 the municipal council "shall appoint * * * an assessor, or where required by law a board of assessors * * *. All such officers appointed by the council shall hold office during the pleasure of the Council." Section 40:80–12 of the same act provided that "no law, general or special * * * contrary to or inconsistent with the provisions hereof shall apply to such municipality * * *." Section 40:79–5 of the same act was to the same effect. Therefore, we held in *Smith* that 40:46–6.2, passed in 1938, before the 1942, 1953 and 1957 reenactments of 40:81–11, did not apply to the city of Hackensack. There are no such explicit provisions in 40:69A–95—no reference to assessors and no statement that appointees serve during the pleasure of the manager. True, it says the manager may remove his appointees, but that does not necessarily mean he may do so at his pleasure when the appointee has a fixed term under another, general, law.

*N. J. S. A.* 40:69A–26 provides that Faulkner Act municipalities are governed by "all applicable provisions of general law." 40:69A–28 defines general law as "any law or provision of law, not inconsistent with this act, *heretofore* or hereafter enacted which is by its terms applicable or available to all municipalities and the following additional laws whether

or not such additional laws are so applicable or available to all municipalities: legislation relating to taxation * * *."

We hold that *N. J. S. A.* 40:46–6.2, 6.3 is such a general law. As the Supreme Court said in *Clifton v. Zweir*, 36 *N. J.* 309, 322 (1962) : "Judicial resolution of such matters must be guided by only one principle: legislative intent." There can be no doubt that when the Legislature adopted *N. J. S. A.* 40:46–6.2, 6.3, in 1938, it intended that all assessors in all municipalities thereafter have four-year terms, for the statute said so. To make it doubly plain, *N. J. S. A.* 40:46–6.3 directed that it was to "be construed and applied to include tax assessors in all municipalities of this State, irrespective of the form of government under which such municipality may operate * * *."

The reasons for assuring assessors this measure of independence were well and fully stated in *Arace v. Irvington,* 75 *N. J. Super.* 258 (Law Div. 1962), and it is safe to assume that such reasons motivated the Legislature to adopt *N. J. S. A.* 40:46–6.2, 6.3. We are informed of only two statutes in which the Legislature cut back the protection of *N. J. S. A.* 40:46–6.2 : *N. J. S. A.* 40:81–11, which we dealt with in the *Smith* case, *supra,* and *N. J. S. A.* 40:46–6.13, a very limited act, adopted in 1947, which dealt only with assessors appointed immediately after the abolition of certain kinds of boards of assessors in cities of less than 50,000 population. On the other hand, *L.* 1966, *c.* 211, *N. J. S. A.* 40:46–6.13a gave certain assessors tenure after two years of service, and *L.* 1968 *c.* 35 (*N. J. S. A.* 40:46–6.2a), passed as a supplement to *N. J. S. A.* 40:46–6.2, directed that in all municipalities in which there existed a board of assessors the terms of the members of the board were to be staggered, and thereafter the term of each member was to be for four years and vacancies were to be filled for the unexpired term only.

However, the plainest proof of the continuing concern and intent of the Legislature that the assessor be independent was the adoption of *L.* 1967 *c.* 44 (*N. J. S. A.* 54:1–35.25). The preamble of that statute said:

WHEREAS, the local property tax is the major source of revenue in state-local finance in New Jersey; and

WHEREAS, It is certain that the property tax will remain vitally important to New Jersey in the foreseeable future; and

WHEREAS, It is essential that the burden of the property tax be distributed equitably among the taxpayers in accordance with the law; and

WHEREAS, it is recognized that no other single factor is so important in insuring the competent and equitable administration of the property tax as that the tax assessment be made by a well-qualified person; * * *.

It then provided for the qualification of assessors, their examination and certification by the Director of Taxation as a prerequisite to appointment, the revocation of such certificates for cause, and their tenure.

In short, for the foregoing reasons we hold that *N. J. S. A.* 40:46–6.2, 6.3 is a general law which applies to Madison Township, and that Fiore possessed a four-year term ending June 30, 1970. The judgment is reversed and the case is remanded to the trial court for such further proceedings as may be necessary, consistent with this opinion. No costs.